**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

Walter William Cartwright, III,     )
                                          )
               Plaintiff,         )      **ORDER DENYING MOTION TO**
                                          )      **COMPEL DISCOVERY**
       vs.                    )
                                          )
Captain Chris Ray,            )      Case No. 1:23-cv-085
                                          )
               Defendant.     )

On March 20, 2024, Plaintiff filed a Motion to Stay Litigation. (Doc. No. 63). On April 9, 2024, the court issued an order granting Plaintiff's motion, staying this matter until June 7, 2024, and scheduling a telephone conference with the parties on June 7, 2024. (Doc. No. 65).

On June 7, 2024, the court held a conference with the parties. (Doc. No. 67). Immediately following the conference, the court issued an order amending the discovery deadlines. (Doc. No. 68).

On June 10, 2024, Plaintiff filed a "Motion for Order Compelling Discovery Pursuant to Rule 37(a)(2), Fed. R. Civ. P. and Motion for Court Hearing Pursuant to Rule 37(c)(1)(b), Fed. R. Civ. P." (Doc. No. 69). He requests, among other things, that Defendant produce certain electronically stored information.

The court previously ordered that the following steps be undertaken by all parties prior to filing any discovery motions:

    (1)     The parties are required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to resolve all differences without court action or intervention.

    (2)     In the event that all parties have made reasonable, good faith efforts to confer

and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the magistrate judge in an effort to try to resolve the discovery dispute prior to filing any discovery motions. The magistrate judge may require the parties to submit brief position statements prior to the telephonic conference.

(3)     If the discovery dispute is not resolved during the telephonic conference with the magistrate judge, the magistrate judge may permit filing of discovery motions. In connection with the filing of any such motions, the moving party must fully comply with all requirements of Rule 37(a)(1) and Local Rule 37.1 and must submit the certifications required by those rules.

(4)     The court will not hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all of the above-described steps have been strictly followed. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

(Doc. No. 34).

The court has reviewed Plaintiff's motion and makes the following observations.  First, although received and filed by the Clerk's office on June 10, 2024, the motion was prepared and mailed by Plaintiff before the status conference on June 7, 2024.[1]  Second, it is apparent from the motion and the parties' discussions at the June 7, 2024, status conference that Plaintiff did not fully comply with Fed. R. Civ. P. Rule 37(a)(1) and D.N.D. Local Rule 37.1 prior to filing his motion. Third, Plaintiff did not otherwise submit the certifications required by those rules.

Accordingly, the court finds that Defendant has not complied with the court's previous instructions prior to filing the motion. The fact that he is proceeding pro se does not excuse his noncompliance. See e.g., Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); Tate v. Johnson Cty., Ark., No.

---

[1] Attached to the motion is a "Certification of Service" in which Plaintiff advises that he mailed his motion to the Defendant and the Clerk's office on June 3, 2024.  (Doc. No. 69).

2:11-CV-02092, 2014 WL 5093983, at *1 (W.D. Ark. Oct. 10, 2014) ("[P]ro se parties are bound by the same litigation rules as lawyers admitted to the bar . . . ."). Plaintiff's Motion to Compel (Doc. No. 69) is therefore **DENIED** without prejudice. Insofar as Plaintiff has requested a hearing on his motion, the request is deemed **MOOT**.

As an aside, the court notes that the 60-day stay it previously ordered at Plaintiff's request has expired. The parties may therefore proceed with discovery if they have not already.

**IT IS SO ORDERED.**

Dated this 11th day of June, 2024.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court